FILED
JUN 2 2 2009
CLERK'S OFFICE
U. S. DISTRICT COURT
EASTERN MICHIGAN

9

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| IN RE LEAR CORP. ERISA LITIGATION | MASTER FILE: 2:06-CV-11735 (AJT-VMM) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**~~[PROPOSED]~~ ORDER AND FINAL JUDGMENT**

This matter came before the Court for hearing pursuant to the Court's March __, 2009 Order on the Plaintiffs' application for preliminary approval of the settlement set forth in the Class Action Settlement Agreement (the "Settlement Agreement"), dated March 6, 2009.[1] Due and adequate notice having been given to the Settlement Class as required in the Order, and the Court having considered all papers filed and proceedings conducted herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Class.

2. The Court certifies this Action as a Class Action under FED. R. CIV. P. 23(a) and 23(b)(1), 23(b)(2). The Class is defined as all persons who were participants in or beneficiaries of the Plans,[2] as defined in Section 1.32 of the Settlement Agreement, during the Class Period whose accounts included investments in Lear common stock or common stock fund units. This includes any persons who have been participants or beneficiaries of the Plans since October 21, 2004 but who as of the March 6, 2009 were no longer participants or beneficiaries of the Plans. Excluded from the Settlement Class are Defendants herein, directors of Lear, members of their Immediate Families, and the heirs, successors or assigns of any of the foregoing. Deborah Berry, Michael Malloy, and Boyd White are appointed as Class Representatives, and Barroway Topaz

---

[1] Except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as are ascribed to them in the Class Action Settlement Agreement, which has been filed in this Action.

[2] The "Plans" at issue are the Lear Corporation Salaried Retirement Savings Plan, the Lear Corporation Hourly Retirement Savings Plan, and the Lear Corporation Hourly 401(k) Savings Plan.

Kessler Meltzer & Check, LLP[3] is appointed as Counsel for the Class ("Class Counsel") pursuant to FED. R. CIV. P. 23(g)).

3. The Court finds:

(a) The Class is so numerous that that joinder of all Class Members before the Court individually is impracticable. Internal Revenue Service/Department of Labor Forms 5500 filed by the Plans indicate there are likely thousands of Settlement Class Members, and for the purpose of this Settlement, Defendants did not dispute this estimate.

(b) The Class allegations present common questions of law and/or fact, including:

(i) Whether the Defendants breached fiduciary obligations to the Plans and the participants by causing the Plans to offer Lear common stock or units as an investment option for the Plans at a time when the Defendants knew or should have known that the stock was not a prudent investment for the Plans;

(ii) Whether the Defendants breached their fiduciary obligations to the Plans and the participants of the Plans by permitting Lear to make matching contributions to the Plans and the participants of the Plans in the form of Lear common stock or units;

(iii) Whether the Defendants breached fiduciary obligations to the Plans and the participants by causing the Plans to make and maintain investment in Lear common stock or units at a time when it was not prudent to do so;

[3] At the start of this Action, Barroway Topaz Kessler Meltzer & Check, LLP was known as Schiffrin Barroway Topaz & Kessler, LLP.

(iv) Whether the Defendants breached fiduciary obligations to the Plans and the participants by providing incomplete and inaccurate information to participants regarding Lear common stock and units;

(v) Whether certain Defendants breached fiduciary obligations to the Plans and the participants by failing to prudently monitor the other Defendants, such that the interests of the Plans and participants were not adequately protected and served; and

(vi) Whether as a result of the alleged fiduciary breaches engaged in by the Defendants, the Plans and the participants and beneficiaries suffered losses.

(c) The typicality requirement of FED. R. CIV. P. 23(a)(3) is satisfied because the claims of the Class Representatives arise from the same alleged course of conduct that gives rise to the claims of the Class Members, and their claims are based on the same legal theory. Class Representatives allege that they and the other members of the Class were participants or beneficiaries in the Plans during the Class Period whose Plan accounts included investments in Lear common stock or units, that the Plans' fiduciaries treated them and all other participants of the Plans alike, and that Plan-wide relief is necessary and appropriate under ERISA. Under these circumstances, the claims asserted by the Class Representatives are sufficiently typical of the claims asserted by the Class as a whole to satisfy FED. R. CIV. P. 23(a)(3).

(d) The requirements of FED. R. CIV. P. 23(a)(4) are also satisfied. The Class Represntatives have no conflicting interests with absent members of the Class. The Court is satisfied that Class Counsel are qualified, experienced, and prepared to represent the Class to the best of their abilities.

(e) The Class also satisfies the requirements of FED. R. CIV. P. 23(b)(1). Class Representatives' breach of fiduciary duty claims were brought on behalf of the Plans,

creating a risk that failure to certify the Class would leave future plaintiffs without relief. There is also a risk of inconsistent dispositions that might prejudice the Defendants and/or result in contradictory rulings including as to whether various Defendants acted as fiduciaries, whether the Plans' continued investment in Lear common stock or units was prudent, and whether certain Defendants' disclosures to participants in the Plans were appropriate.

(f) The Class also satisfied the requirements of FED. R. CIV. P. 23(b)(2). Class Representatives' claims are based on allegations that Defendants breached their fiduciary duties owed to the Class as a whole regarding their alleged imprudent investment of assets of the Plans in Lear stock, thereby making appropriate final injunctive relief or corresponding declaratory relief appropriate.

(g) The Court has also considered each of the elements required by FED. R. CIV. P. 23(g) in order to ensure that Class Counsel, including Class Counsel, will fairly and adequately represent the interests of the Class. Class Counsel have done substantial work to identify and investigate potential claims in this Action. Class Counsel have represented that they have investigated the allegations in the Complaint by interviewing witnesses, reviewing publicly available information, reviewing hundreds of pages of documents, and consulting with experts. Class Counsel have experience in handling class actions and claims of the type asserted in this Action. Class Counsel have also demonstrated knowledge of the applicable law. Finally, over the course of two years, Class Counsel have devoted considerable resources to and have aggressively litigated this case. The Court concludes that Class Counsel has fairly and adequately represented the interests of the Settlement Class.

(h) The Settlement Class has received proper and adequate notice of the Settlement Agreement, the Fairness Hearing, Class Counsel's application for attorneys' fees and

expenses and for Named Plaintiffs' compensation, and the Plan of Allocation, such notice having been given in accordance with the Preliminary Approval Order. Such notice included mailing an individual notice to all members of the Settlement Class who could be identified through reasonable efforts, national publication of notice and posting of notice on a dedicated Internet website, and provided valid, due, and sufficient notice of these proceedings and of the matters set forth therein, and included information regarding the procedures for the making of objections. Such notice fully satisfies the requirements of FED. R. CIV. P. 23 and the requirements of due process.

4. Pursuant to FED. R. CIV. P. 23(e), the Court hereby approves and confirms the Settlement as a fair, reasonable, and adequate settlement and compromise of the claims asserted in the Action.

5. The Court hereby approves the Settlement Agreement and orders that the Settlement Agreement shall be consummated and implemented in accordance with its terms and conditions.

6. The Court finds that the Settlement embodied in the Settlement Agreement is fair, reasonable, and adequate, and more particularly finds:

(a) The Settlement was negotiated vigorously and at arms'-length by the Named Plaintiffs and Class Counsel on behalf of the Settlement Class seeking Plan-wide relief for the Plans;

(b) The Action settled following two years of aggressive litigation by the Named Plaintiffs and Defendants. The Action settled following arms'-length negotiations between counsel who were thoroughly familiar with this litigation and with the aid of the Court

at a settlement conference and with an experienced mediator. The Named Plaintiffs and the Defendants had sufficient information to evaluate the settlement value of this Action.

(c) If the Settlement had not been achieved, Named Plaintiffs and Defendants faced the expense, risk, and uncertainty of extended litigation. Named Plaintiffs contend that their chances of success at trial were excellent in view of, *inter alia*, (i) alleged favorable determinations of legal issues in similar cases, (ii) the expert testimony Plaintiffs expected to offer at trial, (iii) the structure of the Plans and their administration, and (iv) what Named Plaintiffs characterize as favorable documents and testimony that would be offered at trial. Defendants contend that their chances of success at trial and/or on appeal, if necessary, were excellent in view of, *inter alia*, (i) alleged legal presumptions favoring the offering of company stock in ERISA defined contribution plans, (ii) what Defendants characterize as Plaintiffs' high burden of proof at trial, (iii) the expert testimony that Defendants expected to offer at trial, (iv) explanations for the Plans' alleged losses unrelated to actions or inactions of the Plans' fiduciaries, and (v) alleged favorable determinations of legal issues in similar cases. The Court takes no position on the merits of the case, but notes these arguments as evidence in support of the reasonableness of the Settlement.

(d) The amount of the Settlement – $5,250,000 – is fair, reasonable, and adequate. The Settlement amount is within the range of settlement values obtained in similar cases.

(e) At all times, the Named Plaintiffs have acted independently of Defendants and in the interest of the Settlement Class.

(f) The Court recognizes that no Class Member has objected to the Settlement.

7. Upon the Effective Date, the following claims are released by operation of this Order and Final Judgment:

(a) Releases by the Named Plaintiffs, the Settlement Class, and the Plans. Named Plaintiffs shall and hereby do conclusively, absolutely, unconditionally, irrevocably, and forever release and discharge, and the Plans and the Settlement Class shall, by operation of the Final Judgment, be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged the Released Parties from all Released Claims.

(b) Releases by Defendants. Defendants shall and hereby do conclusively, absolutely, unconditionally, irrevocably, and forever release and discharge the Plaintiffs' Released Parties from any and all Defendants' Released Claims.

8. The Court shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the Settlement Agreement, or any challenges as to the performances, validity, interpretation, administration, enforcement, or enforceability of the Class Notice, this Judgment, or the Settlement Agreement or the termination of the Settlement Agreement. The Court shall also retain exclusive jurisdiction over and rule by separate Order with respect to all applications for awards of attorneys' fees and expenses by Class Counsel and compensation to the Named Plaintiffs made pursuant to the Settlement Agreement.

9. In the event that the Settlement Agreement is terminated in accordance with its terms, this Judgment shall be rendered null and void and shall be vacated *nunc pro tunc*, and the Action shall proceed as provided in the Settlement Agreement.

10. This Judgment shall not be construed or used as an admission, concession, or declaration of any fault, wrongdoing, breach, or liability.

11. Any court order regarding the Plan of Allocation, the application for a case contribution award for the Named Plaintiffs, or any application for attorneys' fees and expenses shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

IT IS SO ORDERED.

Dated: JUNE 22, 2009

HON. ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE